UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| STELLA SYSTEMS, LLC, and ZLAGODA TEKHNOLOGII,<br><br>    Plaintiffs,<br><br>    v.<br><br>MEDEANALYTICS, INC., et al.,<br><br>    Defendants.<br>_____/<br>MEDEANALYTICS, INC., et al.,<br><br>    Counterclaimants,<br><br>    v.<br><br>STELLA SYSTEMS, LLC, ZLAGODA TEKHNOLOGII, and OLESKIY STEPANOVSKIY,<br><br>    Counter-defendants.<br>_____/ | No. C 14-00880 LB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>[ECF No. 46] |

## INTRODUCTION

Plaintiffs Stella Systems and Zlagoda Tekhnologii are privately owned Ukrainian companies. They sued Defendant Medeanalytics, a Delaware corporation with its principal place of business in Emeryville, California, for breach of contract and business torts. *See* First Amended Complaint

C 14-00880

("FAC"), ECF No. 18, ¶¶ 1-5.[1]  Plaintiffs moved for leave to amend their complaint.  *See* Motion, ECF No. 46; Proposed Second Amended Complaint ("PCAC"), ECF No. 46 at 7.  Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and **GRANTS** the motion.

## STATEMENT

### I. THE PARTIES AND THEIR CONTRACT

Medeanalytics ("Mede") provides "health care analytics solutions to hospitals and health care providers."  *See* FAC ¶ 1.  Starting in 2004, Stella provided information technology services to Mede through an Agency Agreement between Mede and Zlagoda and a Services Agreement between Zlagoda and Stella.  *Id.* at 1-2; Counterclaims, ECF No. 22 at 16-32, ¶¶ 18-19.  The Agency Agreement provided that Mede would pay Zlagoda for services provided by Stella.  FAC ¶¶ 7-8.  The parties renewed the Agency Agreement in 2009, and it expired on February 28, 2014  *Id.* ¶ 6.  Mede could terminate the Agency Agreement at any time by giving Zlagoda at least 60 days' notice.  *Id.* ¶ 10.  The Agency Agreement remain effective during the 60-day period, and Mede still had to pay for any "pre-approved" services it had requested from Stella.  *See id.* ¶¶ 11-12.

The Agency Agreement also contained a non-solicitation provision that barred Mede from directly or indirectly soliciting the employment of "any employee, contractor or any employee of any contractor" of Zlagoda.  *Id.* ¶ 9.  The non-solicitation provision was effective during the term of the Agency Agreement and for one year after its termination or expiration.  *Id.*  Both the Agency and Services Agreements contained provisions that required Zlagoda and Stella to immediately return all Confidential Information (as defined in the agreements) in their possession, custody, or control upon expiration or early termination of the applicable Agreement.  *See* Counterclaims ¶¶ 35-38.

### II. PLAINTIFFS' CLAIMS

Plaintiffs allege that in 2013, Mede began soliciting Stella's employees in violation of the Agreement.  FAC ¶¶ 24-36.  Approximately 38 former Stella employees now work directly for Mede.  *Id.* ¶ 32.  On February 26, 2014, Plaintiffs filed their lawsuit in this court.  *See* Complaint,

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

1   ECF No. 1.  That day, Mede shut off Stella's access to its servers, and that prevented Stella
2   employees from completing a number of pre-approved tasks and effectively terminated the
3   Agreement prior to the Agency Agreement's February 28, 2014 expiration date.  *See id.* ¶¶ 37-43.
4   Plaintiffs assert claims for (1) breach of contract, (2) breach of the covenant of good faith and fair
5   dealing, (3) intentional interference with contract, (4) intentional interference with prospective
6   economic advantage, and (5) negligent interference with prospective economic advantage.  *See id.*
7   ¶¶ 45-90.

## III.  MEDE'S ANSWER AND COUNTERCLAIMS

On May 15, 2014, Mede filed its answer and counterclaims against Stella, Zlagoda, and Olesky "Alex" Stepanovskiy, who owns and directs Zlagoda (collectively, "Counter-defendants"). *See* Answer & Counterclaims, ECF No. 22.  Mede alleges that in 2013, Stella began demanding higher payments and refusing to perform certain tasks required by the Agreement.  *See id.* ¶¶ 21-25. At the same time, the parties were negotiating an extension of the Agreement, which was to expire on February 28, 2014.  *Id.* ¶¶ 26-31.  By January 2014, the negotiations had broken down, and the parties agreed not to renew the Agreement.  *Id.*  On February 26, 2014, two days before the Agreement expired and the same day that Plaintiffs filed the lawsuit, Mede terminated the Counter-Defendants' access to its servers in order to protect its confidential information, trade secrets, and intellectual property.  *Id.* ¶ 33.  By March 11, 2014, Mede's counsel requested that the Counter-defendants return Mede's confidential information, which includes trade secrets, as required by the Agency and Services Agreements, but the Counter-defendants have not complied.  *Id.* ¶¶ 35-45. Mede asserts counterclaims for (1) breach of contract, (2) conversion, and (3) misappropriation of trade secrets under California Civil Code §§ 3426 et seq.  *See id.* ¶¶ 72-98.

## IV.  PROCEDURAL HISTORY SURROUNDING THE CURRENT MOTION

Mede moved to dismiss the original complaint, *see* ECF No. 14, and Plaintiffs responded by filing the FAC, *see* ECF No. 18, thus mooting the motion to dismiss.  *See* Order, ECF No. 20.  Mede filed its answer and counterclaims on May 15, 2014, and Counter-defendants answered on June 5, 2014.  *See* ECF Nos. 22, 31.  On June 20, 2014, Mede served 14 interrogatories on Stella and 11 interrogatories on Zlagoda.  *See* Huber Decl., ECF No. 55, ¶¶ 3-4; *see id.* Exs. A-B.

1    On July 8, 2014, Plaintiffs' counsel filed a Notice of Withdrawal and Substitution of Counsel,
2  replacing Ad Astra Law Group, LLP with the law firms of Emergent Legal and Gaw Poe LLP. *See*
3  ECF No. 33.  The court held a case management conference on July 25, 2014, ECF No. 35, and
4  issued a pretrial order, ECF No. 40.  The pretrial order set August 11, 2014 as the deadline to seek
5  leave to add new parties or amend the pleadings. *See* ECF No. 40 at 2.

6    Thereafter, on August 6, 2014, new counsel emailed a copy of the proposed Second Amended
7  Complaint to Mede's counsel, asking whether counsel would stipulate to its filing. *See* Wimmer
8  Decl., ECF No. 46-1, ¶ 2.  Mede's counsel apparently said it would not stipulate unless Stella made
9  concessions about discovery requests to allow more interrogatories. *Id.* ¶ 3.  Mede's counsel
10 explains that Plaintiffs' counsel responded that interrogatories directed at new information would
11 not count against discovery limits.  Huber Decl., ECF No. 55, ¶ 10.  On August 11, 2014, Mede's
12 counsel sent an email requesting further confirmation about not counting interrogatories that were
13 directed at fact allegations in the superseded pleading.  *Id.*  At this point, of course, Plaintiffs had
14 reached the last day for moving to amend the complaint.  Thus, that same day, Plaintiffs moved for
15 leave to amend and attached their proposed Second Amended Complaint (the "PSAC").
16 *See* Motion, ECF No. 46; PCAC, ECF No. 46 at 7.  The PSAC assserts the same five claims as the
17 FAC and has more robust factual allegations.  *Compare* PCAC, ECF No. 46, *with* FAC, ECF No. 18.
18

19 On August 11, 2014, Mede's counsel sent an email requesting further confirmation about not
20 counting interrogatories that were directed at fact allegations in the superseded pleading.  *Id.*
21 Plaintiffs' counsel responded to   At this point, of course, Plaintiffs had reached the last day for
22 moving to amend the complaint.  Thus, that same day, Plaintiffs moved for leave to amend and
23 attached the PSAC.  *See* Motion, ECF No. 46; PSAC, ECF No. 46 at 7.  The PSAC assserts the same
24 five claims as the FAC and has more robust factual allegations.  *Compare* PCAC, ECF No. 46, *with*
25 FAC, ECF No. 18.

26                                              **ANALYSIS**

27    Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice
28 so requires."  Fed. R. Civ. P. 15(a); *see Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*,

708 F.3d 1109, 1118 (9th Cir. 2013).  Because "Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989) (citation omitted). Courts generally consider five factors when assessing the propriety of a motion for leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party and whether the party has previously amended the pleadings.  *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 n.3 (9th Cir. 2009).

Where a party seeks leave to amend after the date specified in a scheduling order, Rule 16(b) also applies.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  Under Rule 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge."  *Id.*; *see* Fed. R. Civ. P. 16(b)(4).  Therefore, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b), and second, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15.  *Id.*

Here, the motion was filed on August 11, 2014, before the cut-off date in the case management order, and thus the Rule 15(a) standard applies.  There is no "strong evidence" of delay, bad faith, futility, or prejudice that militates against the liberal policy favoring amendment.  *See Sonoma Cnty. Ass'n*, 708 F.3d at 1118.  Mede does not really argue these factors and instead grounds its objections in potential prejudice because it tied some interrogatories to specific allegations in the FAC. Opposition, ECF No. 53 at 6.  This is not prejudice that defeats an amendment under Rule 15(a). Instead, it is a discovery dispute about Mede's possible need – given that it has not served all of its interrogatories yet – that can be addressed by Mede's seeking additional interrogatories under Civil Local Rule 33-3 via the discovery dispute procedures set forth in the court's standing order.  To the extent that the interrogatories are aimed at damages issues that need to be illuminated before the scheduled settlement conference, the court trusts that the parties will try to work out the issues expeditiously.

**CONCLUSION**

The court **GRANTS** Plaintiffs' motion to amend.  They may file the proposed Second Amended Complaint within 7 days.  This disposes of ECF No. 46.

**IT IS SO ORDERED.**

Dated: September 17, 2014

_____
LAUREL BEELER
United States Magistrate Judge

C 14-00880

6