UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STELLA SYSTEMS, LLC, et al.,<br><br>                    Plaintiffs,<br><br>         v.<br><br>MEDEANALYTICS, INC.,<br><br>                    Defendant. | Case No. 14-cv-00880-LB<br><br>**ORDER ON DISCOVERY LETTER**<br>Re: ECF No. 125 |

## STATEMENT

Defendant MedeAnalytics, Inc. ("Mede") seeks the production of information from, and has propounded interrogatories to, plaintiff Stella Systems, LLC, concerning various aspects of Stella's relationships with its employees. The requested information is relevant to several issues in this case: for example, to Stella's claim that Mede "poached" its employees, and to Mede's counterclaim that Stella "did not comply" with its contractual obligation to safeguard Mede's confidential information. (*See* ECF No. 125 at 3.)[1] The relevant discovery requests are reproduced at ECF No. 125 at 8-10.

Stella replies that producing this information, and answering the interrogatories, would cause it to violate Ukrainian privacy law. (*Id.* at 4.) Stella has not elaborated this response. It does not cite,

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

ORDER ON ECF No. 125 – 14-880 LB

describe, or offer precedent applying the Ukrainian privacy law in question. Stella says only that, "[i]t is Stella's understanding based on the advice of its Ukrainian counsel" that all the material that Mede seeks is "protected from disclosure by Ukrainian law." (ECF No. 125 at 4.) Further, "Stella's Ukrainian counsel opines that this stricture would apply to all of the documents and information sought by Mede in the discovery requests at issue." (*Id.*)

This is the only issue joined. Stella's discovery responses contain the usual generic statements that the information sought is, for example, overbroad and not calculated to lead to discovering admissible evidence (*see* ECF No. 125 at 8-10), but the parties have not briefed those issues. The only point of contention between them — at least within their current discovery letter — involves whether Ukrainian privacy law can be invoked to shield the requested information from discovery.

The court determines that this matter is suitable for determination without oral argument. *See* Civ. L.R. 7-1(b).

## ANALYSIS

This case is effectively indistinguishable from *BrightEdge Techs., Inc. v. Searchmetrics GmbH.*, 2014 WL 3965062 (N.D. Cal. Aug. 13, 2014). That case states well the governing law, including the multifactorial analysis described by *Société Nationale Industrielle Aerospatiale v. U.S. District Court,* 482 U.S. 522 (1987) and *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468 (9th Cir.1992). The court adopts *BrightEdge's* statement of the governing legal standard. *See BrightEdge*, 2014 WL 3965062 at *2-*6. Though the full rule is neither simple nor absolute, the Supreme Court has explained that foreign privacy laws do not automatically exempt information from discovery in United States courts: "[I]t is well settled that such [foreign] statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Aerospatiale,* 482 U.S. at 544 n. 29. That broad root principle is then elaborated into the *Aerospatiale–Richmark* test that *BrightEdge* lays out. *See BrightEdge*, 2014 WL 3965062 at *2-*6.

Only one factual difference between this case and *BrightEdge* stands out. The information at issue in *BrightEdge* seems to have been at least partly "already available and in use in the U.S." when the *BrightEdge* plaintiff sought it through discovery from the German defendant. *See id.* at

*2. Nothing in this case suggests that the information that Mede requests is maintained in the United States. This lone fact does not change the usefulness of *BrightEdge* for this case. It does not affect this court's assessment of the governing law, its application to this case, or the ultimate result.

The court finds Mede's application of the *Aerospatiale–Richmark* factors on all points convincing. (*See* ECF No. 125 at 1-3.) The court has considered the requested information, the parties' respective positions, and the governing law, and holds that Stella must produce to Mede the discovery in question. (*See* ECF No. 125 at 7-10.)

## CONCLUSION

Under the legal standard described in *Société Nationale Industrielle Aerospatiale v. U.S. District Court,* 482 U.S. 522 (1987) and *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468 (9th Cir.1992), and for the reasons set out at (ECF No. 125 at 1-3), the court orders Stella to fulfill all the discovery requests reproduced at (ECF No. 125 at 8-10). Consistent with Mede's proposed compromise resolution of this dispute (*id.* at 4), all responsive information will be provided on an "Attorney Eyes' Only" basis, its distribution to be limited to the greatest extent possible that is consistent with conducting this litigation.

This disposes of ECF No. 125.

**IT IS SO ORDERED**.

Dated: February 25, 2015

LAUREL BEELER
United States Magistrate Judge